

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN ELLIS, *pro per*,<br><br>    Plaintiff,<br><br>  v.<br><br>STEPHEN J. ROTELLA, PRESIDENT/CEO *and/or his successor*, individually, and in his official capacity as PRES/CEO OF CHASE HOME FINANCE, INC., *an ens legis being used to conceal fraud*; DEBRA BRIGNAC, *and/or his successor*, individually, and in his official capacity as PRES/CEO OF CALIFORNIA RECONVEYANCE COMPANY, *an ens legis being used to conceal fraud*; R.K. ARNOLD *and/or his successor*, individually, and in his official capacity as PRES/CEO OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *an ens legis being used to conceal fraud*; MICHAEL J. WILLIAMS *and/or his successor*, individually, and in his official capacity as PRES/CEO OF FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE) *an ens legis being used to conceal fraud*; and JOHN DOES (investors) 1-10,000, et al.,<br><br>    Defendants. | 2:10-cv-1227-RCJ-RJJ<br><br>**ORDER** |

Currently before the Court are Defendant Michael J. Williams and non-party Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss (#15); Defendant Williams and Fannie Mae's Motion for Attorney's Fees and Costs (#16); and Defendants Chase Home Finance LLC, California Reconveyance Co., and Mortgage Electronic Registration Systems, Inc. ("MERS") Motion to Dismiss (#19).

## BACKGROUND

On July 22, 2010, Defendants Chase Home Finance and California Reconveyance filed a petition for removal and attached *pro se* Plaintiff Marilyn Ellis's state court complaint. (Pet. for Removal (#1)). Plaintiff entitled her complaint as one for "verification of debt, release of claim, temporary restraining order to estop defendant from selling, transferring, foreclosing, and/or otherwise taking Plaintiff's real property" and, in one line, alleged "fraud," "use of a void contract," and "numerous violations of the Nevada Revised Statutes" against Defendants. (Complaint (#1) at 8). Plaintiff's six-page complaint made general allegations against Defendants for "purposeful fraud in attempting to appear as **CREDITOR** to the court, when in fact Defendant [was] well aware they [were] not the **CREDITOR** and therefore **NOT the Real Party in interest** in the foreclosure matter." (*Id.* at 9). Plaintiff asserted that the Defendants had to produce the "original wet ink signature promissory note" to prove that they were "in fact the Note Holder in Due Course" and had standing to foreclose. (*See id.* at 9-10). Plaintiff also filed a "Lis Pendens" for the real property located on 10079 Diving Duck Avenue, Las Vegas, Nevada 89117. (*See* Lis Pendens (#15-3)).

On August 25, 2010, Plaintiff filed a Motion to Voluntarily Dismiss her case in state court. (*See* Mot. to Voluntarily Dismiss (#16-1) at 2). In her motion, Plaintiff asserted that she had "decided to seek other remedies and would like to have this Case Dismissed without prejudice, . . . [would] continue to utilize administrative efforts, . . . [and] wishe[d] to have all Causes of Action Dismissed at this time." (*Id.*). Plaintiff did not file a motion to voluntarily dismiss in this Court.

On September 14th and 17th, 2010, Defendants filed the instant motions in this Court. Plaintiff has not responded to any of these motions.

## DISCUSSION

As an initial matter, Plaintiff's Motion to Voluntarily Dismiss, filed in state court, has no legal effect in this Court because she filed the motion in state court after this case had been properly removed to federal district court. *See* 28 U.S.C. § 1441(b) (providing that any civil action may be removed to federal district court so long as original jurisdiction would lie in the

court to which the case is removed). In federal court, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Pursuant to Local Rule 7-2, the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Loc. R. 7-2.

In this case, Defendants file three different motions. In the first motion, Williams and Fannie Mae move to dismiss with prejudice on the following grounds: (a) lack of personal jurisdiction over Williams pursuant to Fed. R. Civ. P. 12(b)(2); (b) improper service; (c) failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (d) an improperly plead complaint pursuant to Fed. R. Civ. P. 8(a). (Williams's Mot. to Dismiss (#16) at 4, 7-8, 10). They also move to vacate the *lis pendens* purportedly recorded against the property located at 10079 Diving Duck Avenue, Las Vegas, Nevada, 89117. (*Id.* at 11). Because this motion is unopposed, the Court grants Williams and Fannie Mae's motion to dismiss with prejudice and grants the motion to vacate or cancel the *lis pendens* recorded against the real property at issue.

In the second motion, Williams and Fannie Mae move this Court for an award of attorney's fees and costs for having to defend a groundless and frivolous lawsuit, pursuant to NRS § 18.010(2).[1] (Williams's Mot. for Att'y Fees & Costs (#16) at 3, 6). Although Plaintiff improperly filed her motion to voluntarily dismiss this case in state court, the Court notes that Plaintiff filed her motion weeks before Williams and Fannie Mae had filed any responsive pleading. Accordingly, the Court denies Williams and Fannie Mae's motion for attorney's fees and costs.

In the third motion, Chase Home Finance, California Reconveyance, and MERS move to dismiss the action based on Plaintiff's clear intent to dismiss the action based on her Motion

---

[1] Nevada Revised Statute § 18.010(2)(b) provides that the court may make an allowance of attorney's fees to the prevailing party "when the court finds that the claim . . . of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party."

Case 2:10-cv-01227-RCJ-RJJ   Document 24   Filed 01/14/11   Page 4 of 4

to Voluntarily Dismiss in state court. (Chase Mot. to Dismiss (#19) at 2). Because this motion is unopposed, the Court grants Chase Home Finance, California Reconveyance, and MERS's motion to dismiss with prejudice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss (#15) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Attorney's Fees and Costs (#16) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (#19) is GRANTED.

DATED: This  13th  day of January, 2011.

_____
United States District Judge